```
                                              USDC SDNY
                                              DOCUMENT
                                              ELECTRONICALLY FILED
                                              DOC #: _____
UNITED STATES DISTRICT COURT                  DATE FILED: March 9, 2010
SOUTHERN DISTRICT OF NEW YORK
```

------------------------------------------------------------x
KARL AHLERS,                              :
                                          :
                         Plaintiff,       :   08 Civ. 11091 (PAC) (KNF)
                                          :
          - against -                     :   ORDER
                                          :
DIRECTOR STEVEN RABINOWITZ,               :
DORA DEATRAS, STAFF MEMBER                :
IMOGINE THOMSON, FELICITY MOE             :
                                          :
                         Defendants.      :
------------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff Karl Ahlers ("Ahlers") brings this action pursuant to: (i) 42 U.S.C. §§ 1983, 1985, and 1986, arising from violations of his First and Fourth Amendment rights, and (ii) the Americans with Disability Act (the "ADA") against: Steve Rabinowitz ("Rabinowitz"), Director of the Manhattan Psychiatric Center ("MPC"); Dora Deatras ("Deatras"), member, MPC, Ward D9B; and two MPC employees assigned to Ward D9B: Imogine Thompson ("Thompson") and Felicity Moe ("Moe"), (Rabinowitz, Deatras, Thompson, and Moe collectively, "Defendants"). Specifically, Ahlers alleges that he is hearing-impaired and that while he was in the custody of the MPC, Defendants engaged in a racially-motivated conspiracy to deprive him of his property. On March 26, 2009, Defendants moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Ahlers' claims. On November 24, 2009, Magistrate Judge Kevin Nathaniel Fox issued an Amended Report & Recommendation ("R&R") recommending that the Court grant Defendants' motion to dismiss in its entirety. On January 4, 2010, Ahlers filed

1

timely objections ("Obj.") to the R&R. Having reviewed the R&R and Ahlers' objections, the Court adopts Magistrate Judge Fox's R&R in its entirety.[1]

## I. FACTS[2]

On or about November 22, 2005, Ahlers was discharged from the custody of the New York State Department of Correctional Services and placed into custody of the New York State Office of Mental Health, at Kirby Psychiatric Center. In August 2007, Ahlers was transferred to MPC "Sex Offender Treatment Program," where the incidents alleged in the Complaint occurred. The New York State Department of Correctional Services' website reveals that Ahlers was convicted of: first-degree sodomy; first degree sexual abuse, second-degree sodomy, and third-degree sodomy.

Ahlers alleges that he is hearing-impaired and that Defendants wrongfully deprived him of his property. Specifically, Ahlers contends that Defendants, non-whites, engaged in a racially-motivated conspiracy to deprive him of his property: from March 2008 through July 2008, Defendants withheld his magazines, mail-order catalogs, books, pamphlets, brochures, CDs, DVDs, and other assorted paraphernalia. Various MPC authorities informed Ahlers that his items were seized for review, that much of his property was found to be clinically inappropriate, and that the authorities were searching for sexually explicit matter or pornography.

## II. STANDARD OF REVIEW

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The court "may adopt those

---

[1] Ahlers originally sought both monetary and injunctive relief, but he has since relinquished his claim for injunctive relief as moot. (Obj. at 9).
[2] The facts in this section are taken from the R&R.

2

portions of the [R&R] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

To survive a motion to dismiss, Plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). "[C]onsideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated . . . by reference, and to matters [about] which judicial notice may be taken." Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). Pro se complaints are construed liberally because they are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

## III. DISCUSSION

The Court has reviewed the R&R and Ahlers' objections. It adopts the R&R in its entirety: the uncontested portions of the R&R are not facially erroneous; the contested portions of the R&R withstand de novo review.

Ahlers makes two principal objections to the R&R, one relating to his claims under the First and Fourth Amendments, and one relating to his ADA claim.

### i. First and Fourth Amendment Claims

Ahlers alleges claims under both the First and Fourth Amendments: that Defendants violated his First Amendment by withholding his mail, and that Defendants violated his Fourth Amendment rights by seizing his property unlawfully. Magistrate Judge Fox recommended dismissing these constitutional claims, invoking a legal framework that courts use in analyzing the constitutional rights of prisoners.

A prisoner's First Amendment right to receive mail may be curtailed for legitimate penological interests, Johnson v. Goord, 445 F.3d 532, 534 (2d Cir. 2006), including "the health, safety, [or] welfare of the patients and staff." Jennings v. New York State Off. of Mental Health,

786 F. Supp. 376, 382 & 384 (S.D.N.Y. 1992). Given Ahlers' history of sex crimes, Magistrate Judge Fox concluded that the Defendants had a legitimate penological interest in monitoring, screening, and withholding Ahlers' property.

Similarly, regarding the Fourth Amendment, a prisoner's right to be free of unreasonable searches and seizures is curtailed because of the heightened risk of anti-social, criminal, and violent conduct. Hudson v. Palmer, 468 U.S. 517, 525-27 (1984). Thus prisoners enjoy a lower privacy expectation in their non-legal mail and property. Willis v. Artuz, 301 F.3d 65, 69 (2d Cir. 2002). ). Since Defendants seized Ahler's property to promote the safety and welfare of the MPC staff and patients, Jennings, 786 F. Supp. at 376, 382, 384, Magistrate Judge Fox correctly found that Defendants have not unlawfully deprived Ahlers of his property.

Ahlers objects to the R&R, arguing that the legal framework relating to prisoners is irrelevant here because he was not imprisoned at the time of the property seizures, but was rather involuntarily admitted into a psychiatric ward: he is an inmate, not a prisoner (Obj. at 5-7.) But courts have found that security concerns within prisons apply equally to a civilly committed psychiatric patient: "In considering the rights of an institutionalized or hospitalized person, the courts look to the law developed in cases concerning persons confined in correctional institutions." Zigmund v. Foster, 106 F. Supp. 2d 352, 358 (D. Conn. 2000) (citing Buthy v. New York Comm'r of Office of Mental Health, 818 F.2d 1046, 1050 (2d Cir. 1987) (upholding restrictions imposed by forensic psychiatric center where the rules were directed at the threat to institutional security)); see also e.g., Nelson v. Minnesota, 2005 WL 1719369, at *5 (D. Minn. July 20, 2005) (noting, in the context of a Fourth Amendment claim arising from strip searches of a civilly-committed patient in a sex offender program that "[a]n involuntary committed patient at a state institution is not a prisoner per se, but the same safety and security concerns arise of the patient's detention"). The legal standards that apply to prisoners thus apply equally

4

to inmates of mental institutions, and Magistrate Judge Fox correctly dismissed Ahlers' First and Fourth Amendment claims.

Ahlers also repeats his argument that he was the victim of a racially-driven conspiracy, noting that the DVDs and CDs were taken only from the Caucasian patients. (Obj. at 8). Magistrate Judge Fox properly rejected this argument because Ahlers failed to allege that Defendants seized his property on account of his race or his membership in a protected class. (R&R at 10-11).

Section 1985(3) prohibits conspiracies to deprive persons of either equal protection of the laws or equal privileges and immunities under the laws. To satisfy a conspiracy claim under § 1985, "the conspiracy must be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993). Here, Ahlers alleges only that Defendants are non-whites and foreign-born, whereas the inmates who were denied access to their property are native-born Caucasians. (Ahlers DVD and CD Affidavit at ¶ 25.) As Magistrate Judge Fox found, however, Ahlers fails to allege that he was deprived of his property on account of his race; instead, Ahlers merely states that "[K]nowing those facts [the difference in ethnicity between the Defendants and Ahlers], every person must draw their [sic] own conclusion." (Ahlers DVD and CD Affidavit at ¶ 26.) Ahlers' conspiracy allegations are thus conclusory, necessitating dismissal of Ahlers' §§ 1985 and 1986 claim. See Mian, 7 F.3d at 1087 (holding that a § 1986 claim must be predicated upon a valid § 1985 claim). Accordingly, the Court adopts Magistrate Judge Fox's recommendation to dismiss Ahlers' First and Fourth Amendment claims.

...
...

### ii. ADA Claim

To establish a violation under the ADA, a plaintiff must demonstrate: (1) qualification an individual with a disability; (2) that the defendants are subject to the ADA; and (3) denial of the opportunity to participate in or benefit from defendants' services, programs, or activities, or were otherwise discriminated against by defendants, by reason of plaintiffs' disabilities. Henrietta D. v. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003). A plaintiff can demonstrate a "disability" by pointing to either: (a) a physical or mental impairment that substantially limits one or more major life activities of such individual; (b) a record of such an impairment; or (c) evidence of being regarded as having such as impairment. 42 U.S.C. § 12102(1). Magistrate Judge Fox concluded that Ahlers failed to allege a disability under 42 U.S.C. § 12102(1). (R&R at 12.) Ahlers objects, arguing that he has alleged sufficient facts to satisfy the ADA's definition of a disability. (Obj. at 8.)

In support of his objection, Ahlers argues that: he has a physical impairment that substantially limits one or more major life activities (i.e., he cannot understand television dialogues); he has a record of such an impairment (i.e., his medical records are replete with reports of hearing tests, prescriptions for hearing aids, and doctor's exam reports); and that he was regarded as having such as impairment (i.e., medical testing reveals that Ahlers suffers from a hearing loss of more than half of normal hearing capacity). (Obj. at 8). These arguments fail because the Complaint – the dispositive document in a motion to dismiss – does not support them; Ahlers introduces new facts in his advocacy papers. Ahlers' Complaint merely mentions his "poor hearing," which requires him to wear hearing aids, (See e.g., Complaint at ¶ 5d); it does not contain any details regarding the scope and extent of his hearing loss. Furthermore, suffering from an inability to understand television is insufficient to qualify as a disability under 42 U.S.C. § 12102(1)(A), under which a plaintiff must allege "a physical or mental impairment

6

that substantially limits one or more major life activities." Major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(I). Accordingly, as Magistrate Judge Fox concluded, Ahlers has not stated a viable ADA claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED. The Court adopts Magistrate Judge Fox's R&R in its entirety. The Clerk of the Court is directed to close out the motion to dismiss (Dkt. # 17).

Dated: New York, New York
      March 9, 2010

SO ORDERED

PAUL A. CROTTY
United States District Judge

**Copies Mailed By Chambers**